UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMIE LEE NICHOLS, | No. 2:24-cv-00082 TLN AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHANCE ANDES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss on the ground that the petition was untimely filed.

I. Factual and Procedural History

Following a jury trial in the Sacramento County Superior Court, petitioner was convicted of 19 separate felonies including first degree burglary, kidnapping for the purpose of committing robbery, rape, robbery, and possession of an illegal shotgun. ECF No. 10-2 (Opinion on direct appeal). On August 20, 2010, he was sentenced to a determinate term of 81 years and 4 months to be served consecutively to an indeterminate term of 78 years to life in prison. ECF No. 10-1 at 1-4 (Abstract of Judgment).

Petitioner appealed his conviction, which was affirmed by the California Court of Appeal on October 12, 2011. ECF No. 10-2. The California Supreme Court denied his petition for

review on January 10, 2012.  ECF No. 10-4.

Petitioner filed his first state habeas petition in the Sacramento County Superior Court on August 4, 2022.[1]  ECF No. 10-5.  The trial court denied this petition on April 10, 2023.  ECF No. 10-6.  Next, petitioner filed a habeas corpus petition in the California Court of Appeal on May 10, 2023.  ECF No. 10-7.  This was denied on June 2, 2023.  ECF No. 10-8.  Petitioner filed a habeas petition in the California Supreme Court on July 13, 2023 which was denied on October 11, 2023.  ECF Nos. 10-9, 10-10, 10-11.

The instant federal habeas petition was filed on December 29, 2023.  ECF No. 1.  Petitioner raises three challenges to his conviction.  First, he contends that newly discovered evidence entitles him to relief because it proves that his trial lawyer only came to visit him at the jail on one occasion prior to trial.  Next, petitioner alleges that his trial lawyer provided him with ineffective assistance of counsel because he disagreed with her trial strategy.  Lastly, petitioner asserts that the trial court abused its discretion in excluding evidence that would have proven his trial lawyer committed misconduct.

II.     Motion to Dismiss

In the motion to dismiss filed on April 2, 2024, respondent contends that the instant habeas petition was filed over ten years after the statute of limitations expired.  ECF No. 8.  Specifically, respondent calculates that petitioner's conviction became final on April 4, 2012 after the time to file a petition for certiorari in the United States Supreme Court expired.  The one-year statute of limitations governing § 2254 petitions commenced the next day and expired one year later on April 4, 2013.  ECF No. 8.  Petitioner did not file any state habeas corpus petitions challenging his conviction until 2022, so he is not entitled any statutory tolling because the statute of limitations had already expired by that point.  Id.  Petitioner's habeas corpus application filed on December 29, 2023 was thus filed over ten years after the statute of limitations expired and should be dismissed with prejudice.

Respondent also contends that petitioner's newly discovered evidence does not provide an

---

[1] All of the filing dates for petitioner's habeas corpus petitions were calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

alternate start date of the statute of limitations because petitioner was aware of the factual predicate supporting this claim for relief at the time of the original Marsden hearing on May 28, 2010.[2] Moreover, the statute of limitations applies on a claim-by-claim basis, and any newly discovered evidence would only affect the timeliness of petitioner's ineffective assistance of counsel claim presented in ground two of the § 2254 petition. Lastly, respondent asserts that petitioner has not been diligently pursuing relief and is, therefore, not entitled to an alternate start date of the statute of limitations.

In his opposition to the motion to dismiss, petitioner asserts that he was diligently attempting to get the jail visitation log, but his trial lawyer ignored him for twelve years. ECF No. 15. He finally received this log from a different attorney on February 22, 2022 and then submitted it with his first state habeas corpus petition on August 4, 2022. Petitioner also contends that this evidence demonstrates his innocence, an issue which can be raised at any time.

By way of reply, respondent argues that petitioner is not entitled to an alternate start date of the statute of limitations because he knew of the factual predicate supporting his claims for relief on the date of the Marsden hearing. ECF No. 16 at 2. The fact that he obtained evidence to support his claims in 2022 does not alter that analysis. Also, respondent submits that petitioner did not conduct a reasonably diligent investigation to timely discover all of the evidence supporting his claims for relief. Therefore, equitable tolling of the statute of limitations is not appropriate.

III. Legal Standards

A. Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] People v. Marsden, 2 Cal.3d 118 (1970) (establishing the criteria for when a criminal defendant may seek the appointment of a new lawyer from the trial court).

3

> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled, or paused, during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: (1) the existence of an "extraordinary circumstance" that prevented him from timely filing, and (2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish an entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest

4

the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).  Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

      IV.    Analysis

In the instant case, the undersigned finds that petitioner's conviction became final on April 4, 2012.  The one-year statute of limitations started the next day and expired one year later, on April 4, 2013.  See 28 U.S.C. § 2244(d)(1)(A).  Petitioner is not entitled to any statutory tolling of the limitations period during the period that his state habeas petitions were pending, because those petitions were all filed after the statute of limitations had already expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, the federal habeas petition filed on December 29, 2023 was filed more than ten years after the statute of limitations expired, and is therefore untimely absent any equitable tolling or an alternate start date.

Respondent correctly points out that discovering the legal significance of particular facts is not a recognized basis for an alternate start date of the statute of limitations.  See 28 U.S.C. § 2244(d)(1)(D) (recognizing that the statute of limitations may commence from "the date on which the factual predicate of the claim… could have been discovered through the exercise of due diligence."); see also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (concluding that "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice.") (emphasis in original).  Since petitioner was aware of the factual predicate supporting his ineffective assistance of counsel claims at the time of the Marsden hearing in May 2010, the undersigned concludes that he is not

1  entitled to an alternate start date of the statute of limitations.  See Hasan, 254 F.3d at 1154.
2  Accordingly, petitioner's request for an alternate start date of the statute of limitations should be
3  denied.
4        The undersigned additionally finds that petitioner's lack of diligence defeats both an
5  alternate start date and equitable tolling.  See Ford v. Gonzalez, 683 F.3d 1230 (9th Cir. 2012)
6  (emphasizing that "[t]he 'due diligence' clock starts ticking when a person knows or through
7  diligence could discover the vital facts, regardless of when their legal significance is actually
8  discovered.").  Even though petitioner already knew the "vital facts" supporting his ineffective
9  assistance of counsel claim, he made no attempt to file a state or federal habeas petition prior to
10 2022.  More importantly, he does not explain why he needed the jail visitation log in order to
11 challenge his trial lawyer's effectiveness.  While the log might qualify as the best evidence
12 supporting his claim, the facts constituting ineffective assistance were known to petitioner and
13 could have been alleged; a state habeas petition only requires that a prima facie case for relief be
14 established.  See In re Bower, 38 Cal.3d 865, 872 (1985) (stating that a petitioner has the burden
15 of stating a prima face case for habeas corpus relief).  On this record, the undersigned cannot find
16 that petitioner was diligently pursuing relief while waiting to obtain the best evidence of his
17 claim.
18       To the extent that petitioner relies on the jail visitation log to assert his actual innocence,
19 the undersigned finds that he does not meet the Schlup standard[3] of actual innocence as required
20 to avoid the timeliness bar and reach the merits of his underlying claims for relief.[4]  Petitioner
21 fails to present any "new reliable evidence-whether it be exculpatory scientific evidence,
22 trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial" to
23 demonstrate his actual innocence.  Schlup, 513 U.S. at 324.  The jailhouse visitation log does not
24 demonstrate petitioner's actual innocence of the crimes for which he was convicted because the

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] Petitioner describes his actual innocence claim as follows: "Who is to say that with a proper investigation, a properly instructed jury would not have reached a verdict of 'not guilty' when defendant was attempting to present a defense explaining why his evidence was at those crime scenes?" ECF No. 15 at 3.

jury could not have relied upon it to acquit petitioner of any of the charges. At most, the log demonstrates that his trial lawyer did not communicate with petitioner about her trial strategy in advance of the trial. Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations based on his assertion of actual innocence.

For all these reasons, the undersigned recommends granting respondent's motion and dismissing petitioner's § 2254 application with prejudice as barred by the statute of limitations.

V. <u>Plain Language Summary for Party Proceeding Without an Attorney</u>

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and your opposition, the undersigned has concluded that you filed your federal habeas petition ten years too late. As a result, it is recommended that your petition be dismissed with prejudice which means that the claims will not be addressed on the merits.

If you disagree with this recommendation, you have 21 days to explain why it is not the correct outcome. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision in your case.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner

may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE